UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY SINGER, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 1783 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| SUNBEAM PRODUCTS, INC., BED BATH AND BEYOND, INC., BED BATH AND BEYOND OF CALIFORNIA, a limited liability company, and LIBERTY PROCUREMENT COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Nancy Singer believes that the fire that destroyed her suburban Chicago home in April 2013 was caused by a Sunbeam brand humidifier that she purchased more than three years earlier, in February 2010, from a Bed Bath and Beyond store in Wilmette, Illinois. In January 2015, Singer brought this suit in the Circuit Court of Cook County, Illinois, asserting multiple state law claims against Sunbeam and several Bed Bath and Beyond-related entities. Doc. 1-2. After two defendants removed the suit to federal court, Doc. 1, Singer moved to remand, arguing lack of diversity, Doc. 14. The court denied the motion, finding in an oral ruling that the non-diverse defendants had been fraudulently joined and dismissing them. Doc. 30.

Now before the court is the remaining defendants' motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss four of the amended complaint's six counts. Docs. 8, 44. The motion is granted in part and denied in part.

**Background**

On a Rule 12(b)(6) motion to dismiss, the court must accept the amended complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Singer's favor, but not

1

its legal conclusions.  *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014).  The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Singer's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings."  *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted).  The facts are set forth as favorably to Singer as those materials permit.  *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

Sunbeam designed, manufactured, and distributed the humidifier that Singer purchased from Bed Bath and Beyond on February 6, 2010.  Doc. 26 at p. 2, ¶ 3.  On April 8, 2013, Singer's house caught fire; while being used in a reasonably foreseeable manner for its intended purpose, the humidifier ignited and caused the fire, leading to personal and pecuniary damage.  *Id*. at p. 3, ¶¶ 7, 11.  Singer claims the humidifier was defective and unreasonably dangerous in several respects, including that: it lacked an accessible emergency stop button and an automatic power shutdown feature that would activate when the humidifier overheated; it did not audibly warn of overheating; it had inadequate warnings and instructions for use; it could not withstand reasonably foreseeable use; the power switch was defective and unreasonably dangerous; and its internal components were defective and permitted arcing.  *Id*. at p. 3, ¶ 9.

**Discussion**

The complaint asserts claims for strict liability and negligence (Counts I and II), negligent infliction of mental distress (Count III), breach of express warranty (Count IV), breach of implied warranty (Count V), and *res ipsa loquitur* (Count VI).  Defendants have moved to dismiss all but the strict liability and negligence claims.  Doc. 8.  The parties agree that Illinois

law governs, so that is the law that the court will apply. *See McFarland v. Gen. Am. Life Ins. Co.*, 149 F.3d 583, 586 (7th Cir. 1998).

I. **Negligent Infliction of Emotional Distress (Count III)**

Defendants argue that Singer has failed to adequately plead her negligent infliction of emotional distress claim. Doc. 8 at 2-3; Doc. 43 at 1-2. Illinois law imposes different standards for "direct" and "bystander" victims of negligent infliction of emotional distress. "[A] direct victim of alleged negligent infliction of emotional distress must satisfy the 'impact' rule. Under the impact rule, a direct victim may not recover … unless the emotional distress 'was accompanied by a contemporaneous physical injury to or impact on the plaintiff.'" *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 703 (7th Cir. 2009) (quoting *Rickey v. Chicago Transit Auth.*, 457 N.E.2d 1, 2 (Ill. 1983)). Singer has not alleged any contemporaneous physical injury or impact, and she styles herself as a bystander, Doc. 26 at p. 6, ¶ 12 (referring to Singer being "in the zone of danger"); Doc. 20 at 1 ("Plaintiff was a bystander when she first saw the fire"), so she cannot pursue the direct victim theory.

By contrast to direct victims, "[b]ystanders must satisfy the 'zone-of-physical danger' test, which limits potential recovery to those individuals in a zone of physical danger and who, because of the defendant's negligence, had reasonable fear for their own safety which caused them emotional distress, and who could demonstrate physical injury or illness resulting from the emotional distress." *Lewis*, 561 F.3d at 703 (internal quotation marks omitted). The complaint does not plead that Singer sustained physical injury or illness as a result of the emotional trauma caused by Defendants' alleged negligence, and it also fails to plead that she felt "any contemporaneous fear for her safety," so she cannot pursue the bystander theory either. *See Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1023-24 (7th Cir. 1989) (holding that a

3

negligent infliction of emotional distress plaintiff pursuing a bystander theory "must show some sign of physical injury or illness as a result of his emotional distress").

Because Singer has failed to plead a viable negligent infliction of emotional distress claim, the claim is dismissed, but the dismissal is without prejudice to Singer attempting the replead. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) ("Under Rule 15(a), fee-paying plaintiffs enjoy leave to amend whenever 'justice so requires' and, as a matter of course, almost always get an opportunity to amend their complaints at least once."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading.").

## II.     Breach of Express Warranty (Count IV) and Implied Warranty (Count V)

Defendants argue that Singer's warranty claims should be dismissed as untimely. Doc. 8 at 3. The parties agree that the statute of limitations is four years, but disagree about when it began running. Defendants argue that Singer's claim accrued, and the limitations period commenced, when Singer purchased the humidifier on February 6, 2010. Doc. 8 at 3-4; Doc. 43 at 2-3. Singer says the limitations period commenced at the time of her injury. Doc. 20 at 1-2.

The Uniform Commercial Code ("UCC"), which Illinois has codified in pertinent part, provides a four-year statute of limitations for an action for breach of any contract for sale, *see* 810 ILCS 5/2-725, including personal injury actions based on breach of implied warranties, *see Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1082 (7th Cir. 2013); *Berry v. G.D. Searle & Co.*, 309 N.E.2d 550, 554 (Ill. 1974). With respect to accrual, the UCC provides:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, *except* that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time

4

> of such performance the cause of action accrues when the breach is or should
> have been discovered.

810 ILCS 5/2-725(2) (emphasis added).

Pursuant to this provision, "a breach of an implied warranty is complete when a defective product is delivered, and the statute of limitations begins running at delivery, even if the buyer could not discover the defect until later." *Richards v. Eli Lilly and Co.*, 355 F. App'x 74, 75 (7th Cir. 2009); *see also Cosman v. Ford Motor Co.*, 674 N.E.2d 61, 66 (Ill. App. 1996) ("A defect will breach the implied warranty, only if the defect existed when the goods left the seller's control. The cause of action for breach of implied warranty accrues upon delivery under section 2-725 of the Commercial Code."); *LaPorte v. R.D. Werner Co., Inc.*, 561 F. Supp. 189, 191-92 (N.D. Ill. 1983) (noting that Illinois authorities "uniformly support th[e] straightforward reading" that § 2-725(2) "denies applicability of the discovery doctrine to all *implied* warranty actions"). Here, tender of delivery was made, and the alleged breach of implied warranty occurred, on February 6, 2010, when Singer purchased the humidifier. Singer filed this action more than four years later, on January 21, 2015. Accordingly, her implied warranty claim is time-barred.

The court is mindful that "because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004); *see also Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). "But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *see also Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) ("a motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to

5

satisfy the affirmative defense") (internal quotation marks omitted). The complaint establishes the date on which Singer purchased the humidifier, and she indisputably filed suit more than four years later. Accordingly, her implied warranty claim is dismissed, and because the ground for dismissal cannot be cured by repleading, the dismissal is with prejudice. *See Gonzalez-Koeneke v. West*, __ F.3d __, 2015 WL 3989130, at *4-5 (7th Cir. July 1, 2015) ("District courts … have broad discretion to deny leave to amend where … the amendment would be futile.") (internal quotation marks omitted).

Singer's express warranty claim may survive if an express warranty accompanying the humidifier explicitly extended to the future performance of the product, triggering the statutory exception—which applies "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," 810 ILCS 5/2-725(2)—to the four-year limitations period. *See Stoltzner v. Am. Motors Jeep Corp.*, 469 N.E.2d 443, 444 (Ill. App. 1984). Under § 2-725(2), "explicit" means "not implied or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal." *Chicago Heights Venture v. Dynamit Nobel of Am., Inc.*, 575 F. Supp. 214, 220 (N.D. Ill. 1983); *see also Cosman*, 674 N.E.2d at 65 ("We require that the extension of a warranty to 'future performance' be explicit.").

The complaint alleges that Defendants "breached their warranty that the humidifier would function for many years," Doc. 26 at p. 7, ¶ 12, but it does not recite any specifics of the supposedly explicit warranty. That is problematic, for "the exception to section 2-725 requires more than a reasonable inference—it requires a distinct statement." *Stoltzner*, 469 N.E.2d at 445. Because the complaint's allegations do not allow Singer to invoke the exception, the

express warranty claim is dismissed as well. But because it is possible that Singer could cure this defect by repleading, the dismissal of that claim is without prejudice.

## III.     *Res Ipsa Loquitur* (Count VI)

Finally, Defendants seek dismissal of Singer's *res ipsa loquitur* "claim." Doc. 8 at 4-6. The word "claim" is placed in scare quotes because, although the complaint lists *res ipsa loquitur* as a separate count, it "is not a distinct theory of recovery, but a rule of evidence applicable to a theory of negligence." *Rice v. Burnley*, 596 N.E.2d 105, 108 (Ill. App. 1992); *see also Darrough v. Glendale Heights Comm. Hosp.*, 600 N.E.2d 1248, 1252 (Ill. App. 1992) (although *res ipsa loquitur* "has sometimes been referred to as a cause of action," it is "simply a rule of evidence"). The purpose of *res ipsa loquitur* is "to allow proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant." *Metz v. C. Ill. Elec. & Gas Co.*, 207 N.E.2d 305, 307 (Ill. 1965). "The doctrine … requires that (1) the occurrence is one that ordinarily does not occur in the absence of negligence; and (2) the defendant had exclusive control of the instrumentality that caused the injury." *Nichols v. City of Chicago Heights*, 31 N.E.3d 824, 842 (Ill. App. 2015); *see also Heastie v. Roberts*, 877 N.E.2d 1064, 1076 (Ill. 2007) (holding that the plaintiff must "plead and prove" these two elements).

As noted above, Defendants have not moved to dismiss Singer's negligence claim—the claim to which the *res ipsa loquitur* doctrine might apply. Still, the viability of Singer's *res ipsa loquitur* theory is dubious because she possessed the humidifier in her home for more than three years before the fire. However, it would be more appropriate to address the factual question of control and the legal question of the applicability of *res ipsa loquitur* on summary judgment, when the record is fully developed. *See Buechel v. United States*, 746 F.3d 753, 766 (7th Cir.

2014) ("*Res ipsa loquitur* is meant to bridge an evidentiary gap when an injury could not have happened but for the defendant's negligence."); *Imig v. Beck*, 503 N.E.2d 324, 329 (Ill. 1986) ("The application of the doctrine in a given case is a question of law which must be decided in the first instance by the trial court. Once that decision is made, it becomes the function of the trier of fact to weight the strength of the inference of general negligence.") (citations omitted). Singer alleges that she never had access to the humidifier's internal components, such that they remained in Defendants' "control" despite her ownership of the product. Doc. 26 at p. 8, ¶ 13; Doc. 20 at 2-3. Viewing the alleged facts in the light most favorable to Singer and drawing all reasonable inferences in her favor, the court cannot determine on the pleadings as a matter of law that she may not rely on *res ipsa loquitur* to prove negligence in this case. *See Heastie*, 877 N.E.2d at 1076-77. The motion to dismiss Singer's *res ipsa loquitur* theory is therefore denied.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted as to Counts III, IV, and V of the amended complaint, and denied as to Count VI. Count V (implied warranty) is dismissed with prejudice. Counts III (negligent infliction of emotional distress) and IV (express warranty) are dismissed without prejudice. If Plaintiff wishes to replead Counts III and IV, she must do so in a second amended complaint by August 11, 2015. If Plaintiff repleads Counts III and IV, Defendants shall answer Counts I, II, and VI, and shall answer or otherwise plead to Counts III and IV, by September 1, 2015. If Plaintiff does not replead Counts III and IV, Defendants shall answer Counts I, II, and VI by August 25, 2015.

July 28, 2015

United States District Judge