IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY SINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Court No.: 15-cv-01783 |
| | ) |
| SUNBEAM PRODUCTS, INC., a corp., | ) |
| | ) |
| Defendants. | ) |

**THIRD AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff NANCY SINGER by her attorneys BRUSTIN & LUNDBLAD and CHARLES E. WEBSTER, Esq. complains against the defendants Sunbeam Products, Inc. a corporation doing business in Illinois (hereinafter referred to as Sunbeam) states as follows:

**GENERAL ALLEGATIONS**

A.   Plaintiff is a resident of Illinois.

B.   Defendant Sunbeam is a citizen of some state other than Illinois.

C.   The amount in controversy exceeds $75,000.

**COUNT I   (Strict Liability)**

1.   On and prior to April 8, 2013, defendant Sunbeam Products, Inc. was a corporation engaged among other things in the design, manufacture, marketing, sale and distribution of residential humidifiers bearing the name Bionaire including the unit hereinafter identified.

2.   On and prior to April 8, 2013, defendant Bed Bath and Beyond operated a retail store engaged in the sale of residential humidifiers and other consumer products including the Bionaire humidifier hereinafter identified.

3.  On or about Feb. 6, 2010, plaintiff Nancy Singer purchased from defendants Bed Bath and Beyond a Bionaire model humidifier which had been designed, manufactured and distributed by defendant Sunbeam. A copy of the receipt for said purchase is attached hereto marked Exhibit A.

4.  At all times relevant hereto, the plaintiff was using the aforesaid humidifier in a manner which was reasonably foreseeable to defendant Sunbeam.

5.  At all times relevant hereto, the defendant Sunbeam knew or should have known that the afore- identified humidifier was prone to an unreasonable risk of electrical failure.

6.  At all times relevant hereto, the defendant Sunbeam knew or should have known that the afore- identified humidifier was prone to an unreasonable risk of starting a fire.

7.  On or about April 8, 2013, while using the aforesaid humidifier in a reasonably foreseeable manner for its intended purpose, the afore-identified humidifier ignited and caused a fire at the plaintiff's home at 236 Valley View in Wilmette, Cook County, Illinois

8.  At all times relevant defendant Sunbeam had a duty to refrain from selling or distributing a defective and unreasonably dangerous product.

9.  Notwithstanding its duty as aforesaid, the defendant Sunbeam was then and there guilty of designing, manufacturing, selling or distributing a residential humidifier product which was defective and unreasonably dangerous in one or more of the following respects:

   a.  It had no inclosure around the UV lamp;
   b.  It had no seal over the ends of the UV lamp;
   c.  It had a design permitting electrical arc tracking next to combustibles;
   d.  It failed to have adequate warnings;
   e.  It failed to have adequate instructions for use;

      f.      It had UV lamp connections directly exposed to water or vapor;
      g.      It had insufficient insulation over the connections for the UV lamp;
      h.      The internal components were defective permitting arcing.

10.     The aforesaid defective and unreasonably dangerous conditions existed when the afore-identified humidifier left the control of the defendant and persisted until the injury to plaintiff.

11.     As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions, the humidifier ignited into fire under conditions of normal and foreseeable use and caused a general residential fire and caused injuries of a personal and pecuniary nature to plaintiff herein and caused property damage.

WHEREFORE, Plaintiff prays for entry of judgment in her favor and against the defendant Sunbeam Product, Inc. a corporation in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) plus the costs of this suit.

### COUNT II   (Negligence)

1-7.    Plaintiff repeats and realleges paragraphs 1 through 7 of Count I as and for paragraphs 1 through 7 of Count II as though fully set forth herein.

8.     At all times relevant the defendant had a duty to exercise ordinary reasonable care in the design, manufacture, marketing and sale of the afore-identified humidifier.

9.     Notwithstanding their duty as aforesaid, the defendant was then and there guilty of one or more of the following negligent acts or omissions:

      a.      Defendant designed, manufactured, sold and distributed a residential humidifier without an enclosure around the UV lamp;

      b.      Defendant designed, manufactured, sold and distributed a residential humidifier without seal over the ends of the UV lamp;

  c. Defendant designed, manufactured, sold and distributed a residential humidifier which permitted electrical arc tracking next to combustibles;

  d. Defendant designed, manufactured, sold and distributed a residential humidifier without adequate warnings;

  e. Defendant designed, manufactured, sold and distributed a residential humidifier without adequate instructions for use;

  f. Defendant designed, manufactured, sold and distributed a residential humidifier which had UV lamp connections directly exposed to water;

  g. Defendant designed, manufactured, sold and distributed a residential humidifier that had insufficient insulation over the UV lamp connections;

  h. Defendant failed to adequately test and inspect the internal components.

10. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, the humidifier ignited into fire under conditions of normal and foreseeable use and caused a general residential fire and caused injuries of a personal and pecuniary nature to plaintiff herein and caused property damage.

WHEREFORE, Plaintiff prays for entry of judgment in her favor and against the defendant Sunbeam Products, Inc. in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) plus the costs of this suit.

**COUNT III (Negligent Infliction of Mental Distress)**

1 - 11. Plaintiff repeats and re-alleges paragraphs one through eleven of Count II as and for paragraphs one through eleven of Count III as though fully set forth herein.

12. While in the zone of danger, Plaintiff witnessed the destruction of her home and its contents which caused and continues to cause great mental distress.

WHEREFORE, Plaintiff prays for entry of judgment in her favor and against the defendant

Sunbeam Products, Inc. a corporation in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) plus the costs of this suit.

### COUNT IV (Breach of Express Warranty)

1-7. Plaintiff repeats and re-alleges paragraphs 1 through 7 of Count I as and for paragraphs 1 through 7 of Count IV as though fully set forth herein.

8. At the time of the purchase of the afore-identified humidifier, defendant made certain express warranties as hereinafter set forth.

9. On or before April 8, 2013, Defendant did then and there breach one or more of the following express warranties.

10. Defendant breached their warranty that the humidifier would humidify the room in which it was placed; instead it poisoned the air on April 8, 2013.

11. Defendants breached their warranty in that the humidifier created products of combustion including toxic gases instead of humidifying the bed room air.

12. Defendants breached their warranty that the humidifier would function for many years; instead it failed after 3 years, two months and 2 days.

13. As a direct and proximate result of one or more of the foregoing breaches of express warranty, the humidifier caused a fire resulting in injuries of a personal and pecuniary nature.

14. Plaintiff seasonably gave defendant notice of the breach.

WHEREFORE, Plaintiff prays for entry of judgment in her favor and against the defendant Sunbeam Products, Inc. a corporation in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) plus the costs of this suit.

### COUNT V (Breach of Implied Warranty)

Claims for Breach of Implied Warranty were dismissed by order of Court.

### COUNT VI (Res Ipsa)

1 - 11.   Plaintiff repeats and re-alleges paragraphs one through eleven of Count II as and for paragraphs one through eleven of Count VI as though fully set forth herein.

12.   The causes of the failure of the humidifier aforesaid are peculiarly within the knowledge of the defendants and each of them.

13.   Until the time of the fire on April 8, 2013 the internal parts of the afore-identified humidifier remained under the control of the defendants insofar as the internal parts of the humidifier were never available for plaintiff's inspection.

WHEREFORE, Plaintiff prays for entry of judgment in her favor and against the defendant Sunbeam Products, Inc. a corporation in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) plus the costs of this suit.

### COUNT VII (WILLFUL AND WANTON/ PUNITIVE)

1-7.   Plaintiff repeats and realleges paragraphs one through seven of count I as and for paragraphs one through seven of Count VII

8.   Prior to the date of sale afore stated which was Feb. 6, 2010, defendant had actual knowledge of at least four occurrences in which a consumer reported that his or her Bionaire BWM 5905 had erupted in flames spontaneously under conditions of normal use.

9.   At all relevant times defendant Sunbeam had a duty to recall products which it knew created an unreasonable risk of serious personal injury.

10.   Notwithstanding its actual knowledge of fires caused by the BWM5905, defendant Sunbeam failed to recall the BWM 5905.

11. At all relevant times defendant Sunbeam had a duty to report to the Consumer Products Safety Commission upon receipt of information that reasonably the conclusion that its product contains a defect which could create a substantial product hazard or an unreasonable risk of serious injury or death.

12. Notwithstanding its duty to report to the Consumer Product Safety Commission, defendant failed to do so.

13. At all relevant times defendant Sunbeam had a duty to refrain from wilful and wanton misconduct.

14. Notwithstanding its duty to refrain from acts of wilful and wanton misconduct the defendant Sunbeam was then and there guilty of one or more of the following acts of wilful and wanton misconduct:

    a. Failed to warn its retailers and the public via mass communication of the defective and unreasonably dangerous condition of the BWM 5905

    b. Failed to recall the BWM 5905

    c. Failed to offer remediation to rehabilitate BWM 5905 units that had been sold

    d. Failed to revise the instruction leaflet for the BWM 5905 and publicize the same

    e. Failed to utilize its standing recall plan

    f. Failed to fully, competently and thoroughly investigate the consumer claims of fire caused by the BWM 5905 especially the physical evidence

    g. Failed to halt sales and distribution of the BWM 5905 when defendant received the Satterfield claim on or about 01/15/09.

    h. Failed to halt sales and distribution of the BWM 5905 when defendant received the

    Leesman claim on or about 12/22/09.

 i. Failed to halt sales and distribution of the BWM 5905 when defendant received the Jill Bainbridge claim on or about 02/16/10.

 j. Failed to recall the BWM 5905 as of 10/25/10 when it received the Plunkett claim.

 k. Failed to recall the BWM 5905 as of 02/19/13 when it received the Lotz claim.

 l. Was otherwise guilty of wilful and wanton misconduct.

15. As a direct and proximate result of one or more of the foregoing acts of wilful and wanton misconduct, the humidifier ignited into fire under conditions of normal and foreseeable use and caused a general residential fire and caused injuries of a personal and pecuniary nature to plaintiff herein and caused property damage.

 WHEREFORE, Plaintiff prays for entry of judgment in her favor and against the defendant Sunbeam Products, Inc. in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000) plus the costs of this suit as and for compensatory damages and also an award of punitive damages in an amount sufficient to punish the defendant and deter it from like misconduct in the future together with a reasonable attorneys fee.

**PLAINTIFF DEMANDS TRIAL BY JURY**.

             Respectfully submitted,
             /s/Charles E. Webster
             One of the Attorneys for the Plaintiff

Charles E. Webster, ARDC #3122792
Milo W. Lundblad
BRUSTIN & LUNDBLAD, LTD.
10 S. Dearborn, 7th floor
Chicago, IL 60602
Telephone: 312-263-1250
Facsimile: (312) 263-3480
cwebster@mablawltd.com

**CERTIFICATE OF SERVICE**

To: Robert J. Spinazzola
Maisel & Associates
161 N. Clark Street, Suite 800
Chicago, IL 60601
Telephone: (312) 572-8400
Facsimile: (855) 821-7317
rspinazz@travelers.com
jhayward@travelers.com

David J. O'Connell - 6199086
James M. Rozak - 6205847
Jennifer Rediehs
Goldberg Segalla LLP
311 S. Wacker Drive, Suite 2450
Chicago, Illinois 60606
Telephone: (312) 572-8400
Facsimile: (312) 572-8401
doconnell@goldbergsegalla.com
jrozak@goldbergsegalla.com
jrediehs@goldbergsegalla.com

I, the undersigned, certify that I served the ***THIRD AMENDED COMPLAINT AT LAW***, via CM/ECF and/or electronic mail, to counsel listed above on August 5, 2016.

BRUSTIN AND LUNDBLAD, LTD.

/s/Charles E. Webster
One of the Attorneys for the Plaintiff

Charles E. Webster, ARDC #3122792
Milo W. Lundblad
BRUSTIN & LUNDBLAD, LTD.
10 S. Dearborn, 7th floor
Chicago, Ill.  60602
Telephone:  312-263-1250
Facsimile: (312) 263-3480
cwebster@mablawltd.com
mlundblad@mablawltd.com